**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
Michelle Adame

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHELLE ADAME,** | **Case No.:** 2:17-cv-01654 |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.; AND** |
| v. | |
| **ALLY FINANCIAL, INC.,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. MICHELLE ADAME ("Plaintiff" or "Ms. Adame") brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant ALLY FINANCIAL, INC. ("Defendant" or "ALLY") in negligently and/or

*Kazerouni Law Group, APC*
*Costa Mesa, California*

intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because Plaintiff resides in this judicial district, the harm to Plaintiff occurred within the State of California, and Defendant is subject to personal jurisdiction in this judicial district as it conducts business there.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and used in 47 U.S.C. § 227(b)(1)(A).

6. Plaintiff is informed and believes, and thereon alleges, that Ally Financial, Inc. is a Delaware corporation with its principal place of business in Detroit, Michigan.  As a corporation, Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

Kazerouni Law Group, APC
Costa Mesa, California

### FACTUAL ALLEGATIONS

7. In or around April of 2012, Plaintiff went to an Acura dealership located in Calabasas, California, with the intention to purchase a motor vehicle, and provided certain information about Plaintiff, including a cellular telephone number for Plaintiff.

8. Subsequently, Plaintiff learned that the Acura dealer, without Plaintiff's prior knowledge or permission, had provided information concerning Plaintiff's credit to ALLY.

9. Upon information and belief, the Acura dealer also provided ALLY with the cellular telephone number for Plaintiff without Plaintiff's consent.

10. Subsequently, and beginning in the year 2012 and continuing through January 2017, ALLY placed numerous telephone calls to Plaintiff's cellular telephone ending in "2234" for the purpose of debt collection.

11. ALLY called Plaintiff from at least twenty different telephone numbers, with four of five calls a day on some occasions.

12. Upon information and belief, to call Plaintiff ALLY used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and used for some of the calls an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

13. Upon information and belief, the telephone equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. ALLY has left at least 40 voice messages for Plaintiff on Plaintiff's cellular telephone within the last four years, some of which were prerecorded.

15. Upon information and belief, ALLY has placed well over one hundred telephone calls to Plaintiff's cellular telephone.

Kazerouni Law Group, APC
Costa Mesa, California

16. On or about April 11, 2014, Plaintiff spoke with a representative of ALLY by the name of Mai and orally revoked any consent that ALLY may have had to call Plaintiff's cell phone.

17. On more than one occasion since that time, and within the last four years prior to the filing of this action, Plaintiff further requested that ALLY stop calling Plaintiff, yet the calls continued.

18. On at least one occasion within the four years prior to the filing of this action, Plaintiff asked even ask a representative of ALLY for an email address to which Plaintiff could revoke any consent in writing, but the ALLY representative did not provide Plaintiff with such email address.

19. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. These telephone calls from Defendant were unwanted by Plaintiff.

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that, Defendant interrupted and harassed Plaintiff with numerous unwanted calls using an ATDS and/or artificial or prerecorded voice.

23. Defendant's calls forced Plaintiff to live without the utility of her cellular phones by occupying her cellular telephone with one or more unwanted calls, causing a nuisance, lost time and reduced cell phone battery life.

24. The telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

25. Plaintiff did not provide Defendant or its agent prior express consent to receive calls to her cellular telephone, including by means of an ATDS

and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

26. These telephone calls by ALLY, or its agent, violated 47 U.S.C. § 227(b)(1)(A)(iii).

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ*.**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ*.**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory

Kazerouni Law Group, APC
Costa Mesa, California

damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Costs;

- Prejudgment interest; and,

- Any other relief the Court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

Kazerouni Law Group, APC
Costa Mesa, California

**TRIAL BY JURY**

35. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 1, 2017                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By: _s/ Abbas Kazerounian_____
                                            ABBAS KAZEROUNIAN, ESQ.
                                            AK@KAZLG.COM
                                            ATTORNEYS FOR PLAINTIFF

Additional Plaintiff's Counsel

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022