MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
ALISA A. GIVENTAL (State Bar No. 273551)
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
ALLY FINANCIAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| MICHELLE ADAME,<br><br>            Plaintiff,<br><br>       vs.<br><br>ALLY FINANCIAL, INC.,<br><br>            Defendant. | Case No. 2:17-CV-01654<br><br>**DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

## DECLARATION OF ALISA A. GIVENTAL

I, Alisa A. Givental, declare and state as follows:

1.      I am an attorney licensed to practice before this Court. I am employed by Severson & Werson, P.C., attorneys of record for defendant Ally Financial, Inc. ("Ally") in this action.

2.      I make this Declaration in support of Ally's Motion to Compel Arbitration. I have personal knowledge of the matters set forth in this Declaration, and if called upon to do so, I could and would testify competently to same.

3.      Ally forwarded to my firm a copy of a demand for arbitration by Michelle Adame that it received on or shortly before June 6, 2016. A true and correct copy of that document is attached hereto as **Exhibit 1**. The demand indicated

1   that Ms. Adame was representing herself.

2        4.    I spoke with Ms. Adame on June 9, 2016. During that conversation,

3   Ms. Adame informed me that her demand for arbitration had been denied by the

4   American Arbitration Association ("AAA"). Ms. Adame forwarded to me a copy of

5   the denial. A true and correct copy of the denial forwarded to me by Ms. Adame is

6   attached hereto as **Exhibit 2**.

7        5.    I thereafter received from Ally a copy of a letter from AAA to Ally,

8   dated June 13, 2016, confirming that Ally had registered its consumer arbitration

9   clause with AAA, and informing Ally that AAA was prepared to administer disputes

10   under Ally's consumer arbitration clause. The letter was signed by Neil B. Currie,

11   Vice President, and provided contact information for Mr. Currie. A true and correct

12   copy of this letter is attached hereto as **Exhibit 3**.

13        6.    On June 23, 2016, I emailed Mr. Currie at the email address provided

14   in the letter attached hereto as Exhibit C. To the email, I attached both the AAA

15   denial of Ms. Adame's demand for arbitration, and the letter confirming AAA's

16   willingness to arbitrate disputes under Ally's consumer arbitration clause. In the

17   email, I asked Mr. Currie to confirm that the issue that resulted in the denial of Ms.

18   Adame's claim by AAA had been resolved. A true and correct copy of a printout of

19   my email, including attachments, is attached hereto as **Exhibit 4**.

20        7.    On June 24, 2016, I received a response by email from Mr. Currie. He

21   stated that my understanding is correct and that Ally having registered its clause

22   resolved the issue that resulted in the denial of Ms. Adame's demand for arbitration.

23   Mr. Currie informed me that the dispute could now be resubmitted to AAA for

24   administration. A true and correct copy of a printout of Mr. Currie's email is

25   attached hereto as **Exhibit 5**.

26        8.    Shortly after receiving Mr. Currie's response, on June 24, 2016, I

27   advised Ms. Adame that the administrative issue that resulted in the denial of her

28   AAA claim has been resolved and that she could now resubmit her claim to AAA. A

DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF MOTION TO COMPEL ARBITRATION

1  true and correct copy of the printout of my email is attached hereto as **Exhibit 6**.

2    9.    On June 26, 2016, I received an email from Ms. Adame wherein she

3  described several reasons for which she is no longer interested in arbitrating her

4  dispute. A true and correct copy of the printout of this email is attached hereto as

5  **Exhibit 7**.

6    10.    On April 10, 2016, I was copied on email correspondence from my

7  office to Ms. Adame's attorney of record in this Action, Abbas Kazerounian,

8  relaying Ally's position that the claims alleged in the Action are subject to binding

9  arbitration, and asking Ms. Adame to stipulate to arbitration. Mr. Kazerounian

10  responded on the same date relaying his client's position that Ally had waived

11  arbitration because it "had failed to comply with AAA rules."

12    11.    Several communications with Mr. Kazerounian followed. I directly

13  participated in some of the communications and was copied on others. In those

14  communications, attorneys from my office relayed to Mr. Kazerounian Ally's

15  position that no waiver occurred and the sequence of events that occurred in June

16  2016.

17    I declare under penalty of perjury under the laws of the State of California

18  that the foregoing is true and correct. This Declaration was executed on May 19,

19  2017, in San Francisco, California.

20

21

22    Alisa A. Givental

23

24

25

26

27

28

DECLARATION OF ALISA A. GIVENTAL IN SUPPORT OF MOTION TO COMPEL ARBITRATION

# EXHIBIT 1

# AMERICAN ARBITRATION ASSOCIATION ONLINE FILING ACKNOWLEDGEMENT

**This confirmation serves as the Demand for Arbitration or Request for Mediation for this filing. To institute proceedings, please send a copy of this form and the parties' dispute resolution agreement to the opposing party.**

**Case # : 01-16-0001-6817**

This will acknowledge receipt of a request for dispute resolution services for the claim and parties detailed below.

| | |
|---|---|
| This claim has been filed for | Arbitration |
| This matter has been filed in accordance with | Consumer Arbitration Rules |
| The fee paid at the time of filing was | $200.00 |
| This request was received by the AAA on | 09-May-2016 |

**Claim Description**

For violations of the TCPA, FDCPA, RFDCPA, and all other applicable law against Ally Financial, Inc.

| | |
|---|---|
| Claim Amount | $150,000.00 |
| Do you have a Non-monetary aspect to your claim? | N |
| Additional Damages | |

| | | Amount |
|---|---|---|
| **Fee Schedule Option** | Standard | |
| **ADR Agreement** | | |

**Parties and Representatives**

**Party 1**

| | |
|---|---|
| Category | Consumer |
| Name | Michelle  Adame |
| Company Name | |
| Address | 24283 Cabrillo Street |
| | Valencia, CA 91355 |
| Phone | |
| Fax | |
| Email | MichelleAdame@yahoo.com |
| The Party is the | Individual |

**Representative 1**

| | |
|---|---|
| Name | Michelle  Adame |
| Firm Name | |
| Address | 24283 Cabrillo Street |
| | Valencia, CA 91355 |
| Phone | |
| Fax | |
| Email | MichelleAdame@yahoo.com |

**Party 2**

| | |
|---|---|
| Category | Business |
| Name | |

**Exhibit 1**

Company Name          Ally Financial Inc.
Address                200 Renaissance Center
                      Detroit, MI 48243
Phone                 (888)925-2559
Fax
Email
The Party is the       Company

**Representative 2**

Name
Firm Name             Ally Financial Inc.
Address                200 Renaissance Center
                      Detroit, MI 48243
Phone                 (888)925-2559
Fax
Email

**Exhibit 1**

late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.

Default means:

- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to a charge not to exceed $15 if any check you give to us is dishonored.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle

---

or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to you pay past due payments, or the difference between the past due payments and what insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

| | **Seller's Right to Cancel** |
|---|---|
| a. | Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of this date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle |
| b. | If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. |
| c. | While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller. |

---

**ARBITRATION CLAUSE**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| Seller assigns its interest in this contract to ___Ally Financial___ (Assignee) at (address) _____ under the terms of Seller's agreement(s) with Assignee. |
|---|
| ☐ Assigned with recourse    ☑ Assigned without recourse    ☐ Assigned with limited recourse |

| Seller ___Acura 101 West___ | By _____ | Title _____ |

Form No. 553-CA-ARB 1/10

I certify that this is a true copy of the original document
Signed _____ Title _____ Date _____ Page ___ of ___

**Exhibit 1**

# EXHIBIT 2



1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

May 13, 2016

Michelle Adame
24283 Cabrillo Street
Valencia, CA 91355
**Via Email to: michelleadame@yahoo.com**

Ally Financial, Inc.
200 Renaissance Center
PO Box 200
M/C: 482-B09-B11
Detroit, MI 48243
**Via Mail**

Case Number: 01-16-0001-6817

Michelle Adame
v.
Ally Financial, Inc.


Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial, Inc. and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system.  Such electronic documents may not constitute a complete case file.  Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email ConsumerFiling@adr.org if you have any questions.


**Exhibit 2**

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

**Exhibit 2**

# EXHIBIT 3

 **AMERICAN ARBITRATION ASSOCIATION®**

Neil B. Currie
**VICE PRESIDENT**

725 S. Figueroa St., Ste. 400
Los Angeles, CA 90017
**T** 213 622 6358
**E** CurrieN@adr.org

adr.org

June 13, 2016

**<u>Sent Via Email Only</u>**

Michael Socha
Ally Financial Inc.
200 Renaissance Center, 9th Floor
Detroit, MI 48265

Re:  Ally Financial Inc.

Dear Mr. Socha,

Thank you for registering the Ally Financial Inc. consumer arbitration clause through the AAA's Consumer Clause Registry.

Beginning September 1, 2014, it is the policy of the American Arbitration Association ("AAA") to administer consumer disputes in accordance with the *Consumer Arbitration Rules (Consumer Rules)* and the *Consumer Due Process Protocol (Protocol)*.  These documents may be found on our web site at www.adr.org.  In order to determine if the arbitration agreement substantially and materially complies with the due process standards of the *Consumer Due Process Protocol*, **the AAA reviews the parties' arbitration clause only**, and not the entire contract.  The AAA's review of the arbitration clause is only an administrative review to determine whether the clause complies with the AAA's minimum due process standards in consumer arbitrations.  However, the AAA's review is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable.

Based upon the administrative review of the Ally Financial Inc. consumer arbitration clause, under current AAA policy, the AAA is prepared to administer consumer-related disputes filed pursuant to this clause.  Ally Financial Inc. and its consumer arbitration clause will be included on the Consumer Clause Registry.  The AAA's willingness to administer disputes under Ally Financial Inc.'s consumer arbitration clause is contingent upon Ally Financial Inc.'s continued willingness to have all present and future consumer related-disputes that are handled by the AAA administered in accordance with the Consumer Rules and the Protocol.   The AAA reserves the right to decline administration in the future if Ally Financial Inc. deviates from the *Consumer Rules* and/or *Protocol* or does not comply with the "Consumer Clause Registry Terms and Conditions."

The AAA will send future Registry annual fee notices to the contact provided by Ally Financial Inc.  The business should immediately notify the AAA at consumerreview@adr.org of any contact changes. Failure to notify the AAA of an internal contact may result in removal from the Registry.

Note that this willingness to accept consumer claims does not extend to those cases covered by the AAA's moratorium on accepting consumer debt collection arbitration cases.  Information on the moratorium is available on our web site, here:

**Exhibit 3**



http://www.adr.org/sp.asp?id=36427

This letter is not a contract, promise and/or agreement to provide any services pursuant to the Ally Financial Inc. consumer arbitration clause and should not be construed as an opinion or assurance of the legal enforceability of the arbitration agreements.  The AAA further reserves the right to decline administration of cases under the Ally Financial Inc. arbitration agreements in the future due to changes in the state of existing law and/or changes in AAA policies, rules and procedures.

Very truly yours,

*Neil B. Currie*

Neil B. Currie
Vice President

**Exhibit 3**

# EXHIBIT 4

**Alisa A. Givental**

| | |
|---|---|
| **From:** | Alisa A. Givental |
| **Sent:** | Thursday, June 23, 2016 3:32 PM |
| **To:** | currien@adr.org |
| **Cc:** | Mary Kate Sullivan |
| **Subject:** | AAA Arbitration Denial Follow-Up |
| **Attachments:** | AAA Correspondence-Denial.pdf; LIB1-#3384390-v1-ARBITRATION_PROVISION__-_Approved_by_AAA_on_06_13_16.PDF |

Mr. Currie,

I am an attorney, writing on behalf of Ally Financial Inc. An Ally customer (Michelle Adame) is seeking to arbitrate a dispute with Ally. Ms. Adame filed a claim, but the claim was denied (see attached letter). We believe that the issue that resulted in the denial has been resolved (please see attached letter from you to Ally), but I wanted to confirm that this is the case prior to instructing Ms. Adame that she can refile her claim with AAA.

Could you confirm that my understanding is correct or let me know if there are further steps we need to take in order for the dispute raised by Ms. Adame to be arbitrated by AAA?

Thank you for your assistance.

Sincerely,

Alisa Givental

**Alisa Givental**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 677-5503
Fax: (415) 956-0439
Email: aag@severson.com
www.severson.com

1

**Exhibit 4**



1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

May 13, 2016

Michelle Adame
24283 Cabrillo Street
Valencia, CA 91355
**Via Email to: michelleadame@yahoo.com**

Ally Financial, Inc.
200 Renaissance Center
PO Box 200
M/C: 482-B09-B11
Detroit, MI 48243
**Via Mail**

Case Number: 01-16-0001-6817

Michelle Adame
v.
Ally Financial, Inc.

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial, Inc. and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email ConsumerFiling@adr.org if you have any questions.

**Exhibit 4**

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

**Exhibit 4**

AMERICAN ARBITRATION ASSOCIATION®

Neil B. Currie
**VICE PRESIDENT**

725 S. Figueroa St., Ste. 400
Los Angeles, CA 90017
**T** 213 622 6358
**E** CurrieN@adr.org

adr.org

June 13, 2016

<u>**Sent Via Email Only**</u>

Michael Socha
Ally Financial Inc.
200 Renaissance Center, 9th Floor
Detroit, MI 48265

Re:  Ally Financial Inc.

Dear Mr. Socha,

Thank you for registering the Ally Financial Inc. consumer arbitration clause through the AAA's Consumer Clause Registry.

Beginning September 1, 2014, it is the policy of the American Arbitration Association ("AAA") to administer consumer disputes in accordance with the *Consumer Arbitration Rules (Consumer Rules)* and the *Consumer Due Process Protocol (Protocol)*.  These documents may be found on our web site at <u>www.adr.org</u>.  In order to determine if the arbitration agreement substantially and materially complies with the due process standards of the *Consumer Due Process Protocol*, **the AAA reviews the parties' arbitration clause only**, and not the entire contract.  The AAA's review of the arbitration clause is only an administrative review to determine whether the clause complies with the AAA's minimum due process standards in consumer arbitrations. However, the AAA's review is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable.

Based upon the administrative review of the Ally Financial Inc. consumer arbitration clause, under current AAA policy, the AAA is prepared to administer consumer-related disputes filed pursuant to this clause.  Ally Financial Inc. and its consumer arbitration clause will be included on the Consumer Clause Registry.  The AAA's willingness to administer disputes under Ally Financial Inc.'s consumer arbitration clause is contingent upon Ally Financial Inc.'s continued willingness to have all present and future consumer related-disputes that are handled by the AAA administered in accordance with the Consumer Rules and the Protocol.   The AAA reserves the right to decline administration in the future if Ally Financial Inc. deviates from the *Consumer Rules* and/or *Protocol* or does not comply with the "Consumer Clause Registry Terms and Conditions."

The AAA will send future Registry annual fee notices to the contact provided by Ally Financial Inc.  The business should immediately notify the AAA at <u>consumerreview@adr.org</u> of any contact changes. Failure to notify the AAA of an internal contact may result in removal from the Registry.

Note that this willingness to accept consumer claims does not extend to those cases covered by the AAA's moratorium on accepting consumer debt collection arbitration cases.  Information on the moratorium is available on our web site, here:

**Exhibit 4**



http://www.adr.org/sp.asp?id=36427

This letter is not a contract, promise and/or agreement to provide any services pursuant to the Ally Financial Inc. consumer arbitration clause and should not be construed as an opinion or assurance of the legal enforceability of the arbitration agreements.  The AAA further reserves the right to decline administration of cases under the Ally Financial Inc. arbitration agreements in the future due to changes in the state of existing law and/or changes in AAA policies, rules and procedures.


Very truly yours,

*Neil B. Currie*

Neil B. Currie
Vice President


**Exhibit 4**

# EXHIBIT 5

**Alisa A. Givental**

| | |
|---|---|
| **From:** | Neil Currie <CurrieN@adr.org> |
| **Sent:** | Friday, June 24, 2016 10:49 AM |
| **To:** | Alisa A. Givental |
| **Cc:** | Mary Kate Sullivan; Consumer Case Filing Team |
| **Subject:** | RE: AAA Arbitration Denial Follow-Up |

Ms. Givental,

Your understanding is correct.  Now that Ally Financial has registered their clause and indicated their willingness to have all present and future consumer related-disputes that are handled by the AAA administered in accordance with the Consumer Rules and the Consumer Due Process Protocol, the AAA is prepared to administer consumer-related disputes filed pursuant to the registered clause.  The parties may resubmit their dispute to the AAA for administration.

Neil Currie



**Neil Currie**
**Vice President**

American Arbitration Association

T: 213 622 6358  F: 213 622 6199  E: CurrieN@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Alisa A. Givental [mailto:aag@severson.com]
**Sent:** Thursday, June 23, 2016 3:32 PM
**To:** Neil Currie
**Cc:** Mary Kate Sullivan
**Subject:** AAA Arbitration Denial Follow-Up

Mr. Currie,

I am an attorney, writing on behalf of Ally Financial Inc. An Ally customer (Michelle Adame) is seeking to arbitrate a dispute with Ally. Ms. Adame filed a claim, but the claim was denied (see attached letter). We believe that the issue that resulted in the denial has been resolved (please see attached letter from you to Ally), but I wanted to confirm that this is the case prior to instructing Ms. Adame that she can refile her claim with AAA.

Could you confirm that my understanding is correct or let me know if there are further steps we need to take in order for the dispute raised by Ms. Adame to be arbitrated by AAA?

Thank you for your assistance.

Sincerely,

Alisa Givental

**Exhibit 5**

**Alisa Givental**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 677-5503
Fax: (415) 956-0439
Email: aag@severson.com
www.severson.com

**Exhibit 5**

# EXHIBIT 6

**Alisa A. Givental**

| | |
|---|---|
| **From:** | Alisa A. Givental |
| **Sent:** | Friday, June 24, 2016 12:26 PM |
| **To:** | Michelle Adame |
| **Cc:** | Mary Kate Sullivan |
| **Subject:** | RE: Adame v. Ally Financial Inc.-AAA Communications |

Ms. Adame,

It appears that the administrative issue that resulted in the denial of your AAA claim has been resolved. If you were to refile your claim with AAA, it is my understanding that it would not be declined by AAA at this time.

Have a good weekend,

Alisa


**Alisa Givental**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 677-5503
Fax: (415) 956-0439
Email: aag@severson.com
www.severson.com


**From:** Michelle Adame [mailto:michelleadame@yahoo.com]
**Sent:** Thursday, June 09, 2016 4:45 PM
**To:** Alisa A. Givental
**Subject:** Adame v. Ally Financial Inc.-AAA Communications

Good afternoon:

A pleasure speaking with you today.  I just wanted to briefly send to you the letter I received from AAA regarding their denial of the claim.  I cannot account as to why Ally did not receive this letter, but such as it is.  If I can be of any further assistance, please let me know.

Thank you kindly,

Michelle Adame

**Exhibit 6**

# EXHIBIT 7

**Alisa A. Givental**

| | |
|---|---|
| **From:** | Michelle Adame <michelleadame@yahoo.com> |
| **Sent:** | Saturday, June 25, 2016 2:03 PM |
| **To:** | Alisa A. Givental |
| **Subject:** | Re: Adame v. Ally Financial Inc.-AAA Communications |

Dear Ms. Givental:

Thanks for alerting me about the AAA update.  While I was unable to reach AAA for further clarification, I was able to view the arbitration clause in the registry.  I noted that the arbitration clause was quite different to the RISC originally given, but in essentials it is similar in the way that it limits the consumer.  Re-filing would certainly take longer for them to review the arbitration clause of the RISC and then judge whether or not to proceed.

After working with AAA on two other claims, I feel that is it not the right forum for my matter with Ally Financial and will be pursuing a legal action instead.  I had not heard from Ally regarding a counter offer or settlement of any kind, so I took the liberty of speaking to a few colleagues who want to pursue a class action.  I can file in Fed. this summer as the remaining AAA claims are winding down soon.


Thank you kindly,

Michelle Adame




On Friday, June 24, 2016 12:26 PM, Alisa A. Givental <aag@severson.com> wrote:


Ms. Adame,

It appears that the administrative issue that resulted in the denial of your AAA claim has been resolved. If you were to refile your claim with AAA, it is my understanding that it would not be declined by AAA at this time.

Have a good weekend,

Alisa


**Alisa Givental**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 677-5503
Fax: (415) 956-0439
Email: aag@severson.com
www.severson.com

**Exhibit 7**

**From:** Michelle Adame [mailto:michelleadame@yahoo.com]
**Sent:** Thursday, June 09, 2016 4:45 PM
**To:** Alisa A. Givental
**Subject:** Adame v. Ally Financial Inc.-AAA Communications

Good afternoon:

A pleasure speaking with you today.  I just wanted to briefly send to you the letter I received from AAA regarding their denial of the claim.  I cannot account as to why Ally did not receive this letter, but such as it is.  If I can be of any further assistance, please let me know.

Thank you kindly,

Michelle Adame

**Exhibit 7**