MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
ALISA A. GIVENTAL (State Bar No. 273551)
aag@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
ALLY FINANCIAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| MICHELLE ADAME,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLY FINANCIAL, INC.,<br><br>        Defendant. | Case No. 2:17-CV-01654<br><br>**DECLARATION OF HELENA WEBB IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

I, HELENA WEBB, under penalty of perjury, state that the following is true and correct:

1.    I am over the age of eighteen and competent to testify. I certify that the facts stated herein are true and accurate based on my personal knowledge.

2.    I am an authorized representative for Ally Financial, Inc. ("Ally"). My duties include keeping records regarding automobile finance contracts that are serviced by Ally. I am familiar with the manner and procedures by which the records contained in Ally's files are prepared and maintained. These records are prepared and maintained by Ally representatives in the performance of their regular business duties, or are received by Ally in the regular course of its business duties, and are made by persons with knowledge of the matters they record or from information supplied by persons with such knowledge. It is Ally's practice to maintain such records in the ordinary course of its business. The documents

1  described below are business records produced and maintained in the above

2  described manner.

3       3.    During the period of the events alleged in the complaint, Ally serviced

4  plaintiff Michelle Adame's ("Adame") account.  That account was created by

5  Adame's entry into a Retail Installment Sales Contract ("Contract") on April 9,

6  2012, for the purchase of a 2012 Acura ("Vehicle"). Ally's servicing activities on

7  this account included maintaining records pertaining to the account, including

8  origination documents and payment history, and communicating with Adame about

9  the status of the account.

10       4.    Ally has various records pertaining to its servicing of Adame's account

11  in its possession, custody, or control. These records include the origination

12  documents for the account, one of which is the Vehicle Contract. A true and correct

13  copy of the Contract that is contained in Ally's records is attached hereto as Exhibit

14  A. This document is found in the records that Ally maintains in the course of its

15  regularly conducted business activity.

16       5.    Page 2 of the Contract contains an arbitration clause requiring

17  arbitration of any claim or dispute concerning or arising out of the Vehicle Contract.

18  *See* Exhibit A, p. 2.

19       I declare under penalty of perjury that the foregoing is true and correct.

20       Executed on May 17, 2017 in Lewisville, Texas.

21

22                               HELENA WEBB

23

24

25

26

27

28

DECLARATION OF HELENA WEBB IN SUPPORT OF MOTION TO COMPEL ARBITRATION

# EXHIBIT A

**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE**

DEAL 76978    Dealer Number 56118    Contract Number ___    R.O.S. Number ___    04/09/12 12:58PM    Stock Number CA022541

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| MICHELLE ADAME 1333 LARK AVE VENTURA CA 93003 VENTURA COUNTY | | ACURA 101 WEST 24650 CALABASAS RD CALABASAS, CA 91302 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-in-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2012 | TL ACURA | 3 | 19UUA8F22CA022541 | ☒ personal, family or household ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 3500.00 |
|---|---|---|---|---|
| 4.24 % | $ 3589.34 | $ 31641.46 | $ 35230.80 | $ 39730.80 |
| | | | | (e) means an estimate |

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due: |
|---|---|---|
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| 59 Payments | 587.18 | Monthly, Beginning 05/24/12 |
| Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 587.18 | Monthly 04/24/2017 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

**ITEMIZATION OF THE AMOUNT FINANCED** (Seller may keep part of the amounts paid to others.)

| | | |
|---|---|---|
| **1. Total Cash Price** | | |
| A. Cash Price of Motor Vehicle and Accessories | | $ 32261.00 |
| 1. Cash Price Vehicle | $ 32261.00 | |
| 2. Cash Price Accessories | $ N/A | |
| 3. Other (Nontaxable) | | |
| Describe __ | $ N/A | |
| Describe __ | $ N/A | |
| B. Document Preparation Fee (not a governmental fee) | | $ 55.00 |
| C. Smog Fee Paid to Seller | | $ N/A |
| D. (Optional) Theft Deterrent Device (to whom paid) PHANTOM FOOT | $ 149.00 | |
| E. (Optional) Theft Deterrent Device (to whom paid) __ | $ N/A | |
| F. (Optional) Surface Protection Product (to whom paid) __ | $ N/A | |
| G. (Optional) Surface Protection Product (to whom paid) __ | $ N/A | |
| H. (Optional) Surface Protection Product (to whom paid) __ | $ N/A | |
| I. Sales Tax (on taxable items in A through H) | | $ 2353.71 |
| J. Optional DMV Electronic Filing Fee | | $ N/A |
| K. (Optional) Service Contract (to whom paid) N/A | $ | $ N/A |
| L. (Optional) Service Contract (to whom paid) N/A | $ | $ N/A |
| M. (Optional) Service Contract (to whom paid) N/A | $ | $ N/A |
| N. (Optional) Service Contract (to whom paid) N/A | $ | $ N/A |
| O. (Optional) Service Contract (to whom paid) N/A | $ | $ N/A |
| P. Prior Credit or Lease Balance paid by Seller to __ | | $ N/A |
| (see downpayment and trade-in calculation) | | |
| Q. (Optional) Gap Contract (to whom paid) __ N/A | | $ N/A |
| R. (Optional) Used Vehicle Contract Cancellation Option Agreement | | $ N/A |
| S. Other (to whom paid) __ N/A | | $ N/A |
| **Total Cash Price (A through S)** | | $ 34818.71 |
| **2. Amounts Paid to Public Officials** | | |
| A. License Fees | $ 211.00 | |
| B. Registration/Transfer/Titling Fees | $ 82.00 | |
| C. California Tire Fees | $ 8.25 | |
| D. Other SMOG ABATEMENT | $ 21.00 | |
| **Total Official Fees (A through D)** | | $ 322.25 |
| **3. Amount Paid to Insurance Companies** | | |
| (Total premiums from Statement of Insurance column a + b) | | $ N/A |
| A. ☐ **Smog Certification** or ☐ **Exemption Fee Paid to State** | $ N/A | |
| B. **Subtotal** (1 through 4) | | $ 35141.46 |
| **5. Total Downpayment** | | |
| A. Agreed Trade-in Value Yr __ Make __ | $ N/A | |
| Model __ VIN __ N/A | | |
| VIN __ N/A | $ | |
| B. Less Prior Credit or Lease Balance | $ N/A | |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ N/A | |
| D. Deferred Downpayment | $ N/A | |
| E. Manufacturer's Rebate | $ N/A | |
| F. Other __ | $ N/A | |
| G. Cash $1,000 Paid by AHM __ | $ 3500.00 | |
| **Total Downpayment** (C through G) | | $ 3500.00 |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1P above) | | |
| **7. Amount Financed** (6 less 6) | | $ 31641.46 |

### STATEMENT OF INSURANCE

**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term | Premium |
|---|---|---|
| $ N/A Bod. Comp, Fire & Theft | N/A Mo. $ N/A |
| $ N/A Fire, Theft Collision | |
| Bodily Injury $ N/A Limits | N/A Mo. $ N/A |
| Property Damage $ N/A Limits | N/A Mo. $ N/A |
| Medical $ N/A | N/A Mo. $ N/A |
| $ N/A | N/A Mo. $ N/A |
| Total Vehicle Insurance Premiums | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____

Co-Buyer X _____

Seller X _____

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**

☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A Mo. | N/A | $ N/A |
| Credit Disability | N/A Mo. | N/A | $ N/A |
| Total Credit Insurance Premiums | $ N/A | | |

Insurance Company Name N/A

Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance.

X _____ Date _____
  Buyer Signature

X _____ N/A Date _____
  Co-Buyer Signature

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1Q of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __ N/A __ Mos. $ N/A
        Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1K,1L, 1M, 1N, and/or 1O.

| | | | | |
|---|---|---|---|---|
| 1K Company N/A | | | | |
| Term __ N/A __ Mos. or __ N/A __ Miles | | | | |
| 1L Company N/A | | | | |
| Term __ N/A __ Mos. or __ N/A __ Miles | | | | |
| 1M Company N/A | | | | |
| Term __ N/A __ Mos. or __ N/A __ Miles | | | | |
| 1N Company N/A | | | | |
| Term __ N/A __ Mos. or __ N/A __ Miles | | | | |
| 1O Company N/A | | | | |
| Term __ N/A __ Mos. or __ N/A __ Miles | | | | |
| Buyer X _____ | | | | |

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____

Co-Buyer Signs X _____

**SELLER'S RIGHT TO CANCEL.** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back apply if the Seller is unable to assign this contract to a financial institution will apply.

Buyer X _____    Co-Buyer __

**AUTO BROKER FEE DISCLOSURE** If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable: __ N/A __

**SELLER'S IDENTITIES** BUYER MAY BE REQUIRED TO PLEASE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON THE RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan Know __ N/A __
Total 5 __ N/A __ Finance Charge 5 __ N/A __
Total 6 __ N/A __ Payable in __ N/A __
installments of 5 __ N/A __
from this Loan is shown in Item 6D

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 7, is paid in full on or before __ N/A __ Year __ SELLER'S INITIALS __

THE STANDARD PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW LIMIT BE DIET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

**WARNING:**
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

X/S _____

Buyer Signature X _____

**Notice to Buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

Buyer Signature X _____

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales...

**YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.**

Buyer Signature X _____ Date 04/09/12

Co-Buyer Signature X _____ Date __

Seller Signs ACURA 101 WEST _____ Date 04/09/12 By _____ Title MGR.

ORIGINAL LIENHOLDER

LAW FORM NO. 553-CA-ARB ...

**Exhibit A**

## OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. How we will figure Finance Charge. We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Creditor - Seller may receive part of the Finance Charge.

b. How we will apply payments. We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. How late payments or early payments change what you must pay. We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment, or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. You may prepay. You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2. YOUR OTHER PROMISES TO US**

a. If the vehicle is damaged, destroyed, or missing. You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

> **GAP LIABILITY NOTICE**
> In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional gap contract (debt cancellation contract) for coverage of the gap amount may be offered for an additional charge.

b. Using the vehicle. You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. Security Interest.
You give us a security interest in:
• The vehicle and all parts or goods installed on it;
• All money or goods received (proceeds) for the vehicle;
• All insurance, maintenance, service, or other contracts we finance for you; and
• All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle.

d. Insurance you must have on the vehicle.
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. What happens to returned insurance, maintenance, service, or other contract charges. If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. You may owe late charges. You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. You may have to pay all you owe at once. If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.
Default means:
• You do not pay any payment on time;
• You give false, incomplete, or misleading information on a credit application;
• You start a proceeding in bankruptcy or one is started against you or your property;
• The vehicle is lost, damaged or destroyed; or
• You break any agreements in this contract.
The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge and any amounts due because you defaulted.

c. You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

d. We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. How you can get the vehicle back if we take it. If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

f. We will sell the vehicle if you do not get it back. If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on the face of this contract, not to exceed the highest rate the law permits.

g. What we may do about optional insurance, maintenance, service, or other contracts. This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**

If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

**5. Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

**6. Applicable Law**
Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**7. Warranties of Buyer.** You promise you have given true and correct information in your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

**CREDIT DISABILITY INSURANCE NOTICE**
**CLAIM PROCEDURE**
If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.
If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.
If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

> **Seller's Right to Cancel**
> a. Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.
> b. Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.
> c. If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.
> d. While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

## ARBITRATION CLAUSE
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS
1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.



Form No. 553-CA-ARB 1/10

**Exhibit A**