# EXHIBIT B

## DECLARATION OF CUSTODIAN OF RECORDS

Regarding: __Case No.__ 01-16-0001-6817      SS# _____

DOB or other ID# _____      Our File # _____

I am duly authorized as Custodian of Records (or other qualified witness) with the authority to certify records for:
**American Arbitration Association**
120 Broadway, 21st Floor
New York, NY 10271

**CERTIFICATION OF RECORDS COPIED** (Custodian's initials _____TF_____)

Including this declaration, all documents, records, and other things called for in the Subpoena Duces Tecum or Authorization which are in my custody have been photocopied (on microfilm) at my office, in my presence, under my direction and control: and the copy submitted with declaration is a true copy thereof.

To the best of my knowledge all records referred to above were prepaired or compiled by the personnel of the above named business, in the ordinary course of business, at or near the time of the acts, conditions, or events recorded.

No documents, records, or other things have been withheld in order to avoid their being photocopied.
Certain records were omitted because By agreement of Counsel See parameters set forth in Cover letter of Tracey B. Frisch dated 7/14/17

**CERTIFICATION OF NO RECORDS** (Custodian's initials _____)
A thorough search of the business revealed no records described in the attached subpoena or authorization for the following reason(s):
___ Patient was never treated at this facility
___ Records were destroyed
___ Records were lost/misplaced
___ Records purged/nothing found
___ Storage facilities were searched and no records found
___ X-rays were: ___ lost ___ destroyed ___ not taken at this facility ___ patient has them
___ Billing records were: ___ purged ___ not kept because this is a prepaid health plan
___ This person was never employed at this facility
___ Other comments: _____
_____
_____

This certification is limited to the information supplied to me in the attached document:  records may
exist under another name, another spelling, or other identifying data.
I DECLARE under penalty of perjury the foregoing is true and correct.

Executed on 7/12/17 _____ at New York, New York _____

Print Name Tracey Frisch _____ Signed _____

**CERTIFICATION OF PROFESSIONAL PHOTOCOPIER**
I the undersigned declare: _____ (Number of pages copied _____)
The attached copies of records were transmitted or distributed to the authorized person(s) or entities.
I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ at _____

Print Name _____ Signed _____

**EXHIBIT B 01**

# Request No. 1

# AMERICAN ARBITRATION ASSOCIATION
# ONLINE FILING ACKNOWLEDGEMENT

**This confirmation serves as the Demand for Arbitration or Request for Mediation for this filing.**
**To institute proceedings, please send a copy of this form and the parties' dispute resolution agreement to the opposing party.**
**Case # : 01-16-0001-6817**
This will acknowledge receipt of a request for dispute resolution services for the claim and parties detailed below.

| | |
|---|---|
| This claim has been filed for | Arbitration |
| This matter has been filed in accordance with | Consumer Arbitration Rules |
| The fee paid at the time of filing was | $200.00 |
| This request was received by the AAA on | 09-May-2016 |

**Claim Description**
For violations of the TCPA, FDCPA, RFDCPA, and all
other applicable law against Ally Financial, Inc.

| | |
|---|---|
| Claim Amount | $150,000.00 |
| Do you have a Non-monetary aspect to your claim? | N |
| Additional Damages | |
| | Amount |

| | |
|---|---|
| **Fee Schedule Option** | Standard |
| **ADR Agreement** | |

## Parties and Representatives

**Party 1**

| | |
|---|---|
| Category | Consumer |
| Name | Michelle   Adame |
| Company Name | |
| Address | |
| | |
| Phone | |
| Fax | |
| Email | |
| The Party is the | |

**Representative 1**

| | |
|---|---|
| Name | Michelle   Adame |
| Firm Name | |
| Address | |
| | |
| Phone | |
| Fax | |
| Email | |

**Party 2**

| | |
|---|---|
| Category | Business |
| Name | |



**EXHIBIT B 03**

Company Name            Ally Financial Inc.
Address                  200 Renaissance Center
                        Detroit, MI 48243
Phone                   (888)925-2559
Fax
Email
The Party is the        Company


**Representative 2**

Name
Firm Name               Ally Financial Inc.
Address                  200 Renaissance Center
                        Detroit, MI 48243
Phone                   (888)925-2559
Fax
Email

**EXHIBIT B 04**



**P.O. Box 8100**
**Hunt Valley, MD 21030**

April 05, 2016

Michelle Adame

Dear Michelle Adame:

Enclosed please find a copy of the document you requested.  If you have any questions, please feel free to contact Ally Customer Service at (888) 925-ALLY(2559).

Sincerely,
Ally Financial



SPT001    STD COV    611918543682

001.031222587



**EXHIBIT B 05**

late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.

Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information on a credit application;
- You start a proceeding in bankruptcy or one is started against you or your property;
- The vehicle is lost, damaged or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give us is dishonored.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given. If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

| Seller's Right to Cancel |
|---|
| **a.** Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take a few days for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract. |
| **b.** Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle. |
| **c.** If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees. |
| **d.** While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller. |

---

### ARBITRATION CLAUSE
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum, Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only if the "personal, family or household" box in the "Primary Use for Which Purchased" section of this contract is checked. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

| Seller assigns its interest in this contract to | (Assignee) at (address) |
|---|---|
| **Ally Financial** | under the terms of Seller's agreement(s) with Assignee. |
| ☐ Assigned with recourse  ☒ Assigned without recourse  ☐ Assigned with limited recourse | |
| Seller  **Acura 101 West** | By | Title |

Form No. 553-CA-ARB 1/10

I certify that this is a true copy of the original document.

Signed _____ Title _____ Date _____ Page _____ of _____



AMERICAN
ARBITRATION
ASSOCIATION        | INTERNATIONAL CENTRE
                     FOR DISPUTE RESOLUTION

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

May 13, 2016

Michelle Adame


Ally Financial, Inc.
200 Renaissance Center
PO Box 200
M/C: 482-B09-B11
Detroit, MI 48243
**Via Mail**

Case Number: 01-16-0001-6817

Michelle Adame
v.
Ally Financial, Inc.


Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial, Inc. and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email ConsumerFiling@adr.org if you have any questions.



**EXHIBIT B 07**

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

**EXHIBIT B 08**

| | |
|---|---|
| **From:** | Neil Currie |
| **Sent:** | Friday, June 24, 2016 1:49 PM |
| **To:** | 'Alisa A. Givental' |
| **Cc:** | Mary Kate Sullivan; Consumer Case Filing Team |
| **Subject:** | RE: AAA Arbitration Denial Follow-Up |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Ms. Givental,

Your understanding is correct.  Now that Ally Financial has registered their clause and indicated their willingness to have all present and future consumer related-disputes that are handled by the AAA administered in accordance with the Consumer Rules and the Consumer Due Process Protocol, the AAA is prepared to administer consumer-related disputes filed pursuant to the registered clause.  The parties may resubmit their dispute to the AAA for administration.

Neil Currie


**Neil Currie**
**Vice President**

T: 213 622 6358  F: 213 622 6199  E: CurrieN@adr.org
725 S. Figueroa Street, Suite 400, Los Angeles, CA 90017

**From:** Alisa A. Givental [mailto:aag@severson.com]
**Sent:** Thursday, June 23, 2016 3:32 PM
**To:** Neil Currie
**Cc:** Mary Kate Sullivan
**Subject:** AAA Arbitration Denial Follow-Up

Mr. Currie,

I am an attorney, writing on behalf of Ally Financial Inc. An Ally customer (Michelle Adame) is seeking to arbitrate a dispute with Ally. Ms. Adame filed a claim, but the claim was denied (see attached letter). We believe that the issue that resulted in the denial has been resolved (please see attached letter from you to Ally), but I wanted to confirm that this is the case prior to instructing Ms. Adame that she can refile her claim with AAA.

Could you confirm that my understanding is correct or let me know if there are further steps we need to take in order for the dispute raised by Ms. Adame to be arbitrated by AAA?

Thank you for your assistance.

Sincerely,

Alisa Givental

**EXHIBIT B 09**

**Alisa Givental**
Severson & Werson
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 677-5503
Fax: (415) 956-0439
Email: aag@severson.com
www.severson.com

**EXHIBIT B 10**

| | |
|---|---|
| **From:** | Michelle Adame <michelleadame@yahoo.com> |
| **Sent:** | Tuesday, May 24, 2016 5:59 PM |
| **To:** | Consumer Case Filing Team |
| **Subject:** | Re: Michelle Adame V. Ally Financial, Inc. - Case 01-16-0001-6817 |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I appreciate your further assistance with this matter. Could you give me an ETA on the refund of the filing fees referenced in the letter?
Thank you kindly,

Michelle Adame
Your health is your wealth.

On Friday, May 13, 2016 8:00 AM, "ConsumerFiling@adr.org" wrote:

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

[Logo]
Consumer Case Filing Team
1101 Laurel Oak Road
Suite 100, Voorhees, NJ 08043
E: ConsumerFiling@adr.org<mailto:ConsumerFiling@adr.org>

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the

**EXHIBIT B 11**

transmittal. Thank you.

**EXHIBIT B 12**

# Request No. 3

**EXHIBIT B 13**

| Date/Time | User Name | Type | Subtype | Note Content |
|---|---|---|---|---|
| 4/15/2016 15:15 | | System | General | DNA Close- Ally Financial Services 7/2/2013 |

REDACTED

**EXHIBIT B 14**

| Date/Time | User Name | Type | Subtype | Note Content |
|-----------|-----------|------|---------|--------------|
| | | | | REDACTED |
| | | | | |
| | | | | |
| 58:21.0 | ████ | System | General | Ally Financial Services did not respond to case initiation/fee 7/2/13 |

**EXHIBIT B 15**

From: Cathe Stewart [mailto:StewartC@adr.org]
Sent: Wednesday, May 18, 2016 6:52 PM
To: Krasovec, Alexandra
Cc: Troutman, Eric
Subject: RE: April Clark V. Ally Financial, Inc. - Case 01-16-0001-5288

Dear Alex,

Thank you for your below email and also your voice messages.  I am sorry to have been non-responsive.
I was out of the office on Monday and have also been on jury duty this week.

I have done research and have found there are several cases involving Ally Financial, Inc.  When we last
spoke I mentioned a case from 2013 that is noted by our Case Filing Services department as having been
closed for non-compliance with the AAA's consumer procedures.  However, there is no information about
the case as it has been purged per our record retention policy.

Please note that the American Arbitration Association (AAA) will continue to decline to administer
consumer cases involving Ally Financial, Inc.  However, Ally Financial, Inc. can change its status by
registering their consumer arbitration clause through the AAA's Consumer Clause Registry found on our
website at HYPERLINK "http://www.adr.org"www.adr.org.  Here is a quick link:
https://www.adr.org/aaa/faces/aoe/gc/consumer/registrywelcome

If you have specific registration questions you can contact me or write to HYPERLINK
"mailto:ConsumerReview@adr.org"ConsumerReview@adr.org.  There is also a link to that email account
on the Consumer Clause Registry page.  Registration is simple and can be completed on-line. Please
note that the $500 registration fee can be paid on-line with a credit card or I can help you make other
arrangements if necessary.

Please let me know if I can assist on any of these recently closed or pending cases.  On any case I can
confirm with all case participants that Ally Financial, Inc. has registered, even if only at the beginning of
the process, which can take up to a few weeks to complete.

Thank you,

cathe

**EXHIBIT B 16**

| | |
|---|---|
| **From:** | Cathe Stewart |
| **Sent:** | Wednesday, May 18, 2016 9:52 PM |
| **To:** | 'krasovec.alexandra@dorsey.com' |
| **Cc:** | troutman.eric@dorsey.com |
| **Subject:** | RE: April Clark V. Ally Financial, Inc. - Case 01-16-0001-5288 |

Dear Alex,

Thank you for your below email and also your voice messages. I am sorry to have been non-responsive. I was out of the office on Monday and have also been on jury duty this week.

I have done research and have found there are several cases involving Ally Financial, Inc. When we last spoke I mentioned a case from 2013 that is noted by our Case Filing Services department as having been closed for non-compliance with the AAA's consumer procedures. However, there is no information about the case as it has been purged per our record retention policy.

Here is a listing of cases, each involving Ally Financial, Inc., that were declined by the AAA as a result of that 2013 case:



01 15 0005 7769 - Sharon Bell – declined December 2015
01 16 0000 1777 - Austin and Claudine Ferrell – declined February 2016

As it turns out Ally Financial, Inc. was then afforded a subsequent opportunity to respond to a consumer-filed case and did not. That case is 01 16 0000 7089 - Joe Falsone. The AAA sent correspondence dated March 18, 2016 requesting filing fees. On April 5, 2016 a second letter was sent requesting payment by April 19, 2016. Correspondence dated April 30, 2016 was sent notifying the parties that the fees had not been received and we were closing the case. We also requested Ally Financial, Inc. to "...remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision".

This effectively became the case that caused the AAA to decline to administer other case filed thereafter:

01 16 0001 5288 - April Clark – declined May 2016
01 16 0001 6817 - Michelle Adame – declined May 2016

At this time we have also received case #01 16 0001 6833 (Joseph Vargas). This case has not been declined as it was filed with a court order. There is currently a request for the filing fees to be paid by May 27.

This is a lot of information. If you would like to know where prior correspondence was directed I can provide you with copies of the letters, unless they have been purged per policy.

Please note that the American Arbitration Association (AAA) will continue to decline to administer consumer cases involving Ally Financial, Inc. However, Ally Financial, Inc. can change its status by registering their consumer arbitration clause through the AAA's Consumer Clause Registry found on our website at www.adr.org. Here is a quick link: https://www.adr.org/aaa/faces/aoe/gc/consumer/registrywelcome

**EXHIBIT B 17**

If you have specific registration questions you can contact me or write to ConsumerReview@adr.org. There is also a link to that email account on the Consumer Clause Registry page. Registration is simple and can be completed on-line. Please note that the $500 registration fee can be paid on-line with a credit card or I can help you make other arrangements if necessary.

Please let me know if I can assist on any of these recently closed or pending cases. On any case I can confirm with all case participants that Ally Financial, Inc. has registered, even if only at the beginning of the process, which can take up to a few weeks to complete.

Thank you,
cathe

**EXHIBIT B 18**

| | |
|---|---|
| **From:** | ConsumerReview |
| **Sent:** | Thursday, May 19, 2016 12:21 PM |
| **To:** | 'krasovec.alexandra@dorsey.com'; ConsumerReview |
| **Cc:** | troutman.eric@dorsey.com; Cathe Stewart |
| **Subject:** | RE: April Clark V. Ally Financial, Inc. - Case 01-16-0001-5288 |
| **Attachments:** | AllyFinancial1.pdf; AllyFinancial2.pdf |

Ms. Krasovec,

We apologize for the delayed response but Ms. Stewart is out of the office on jury duty and has been unavailable to respond. The reason that the AAA declined service in this matter was because Ally Financial did not pay fees in a previous AAA consumer arbitration matter. That case was Joe Falsone v. Ally Financial Inc. I have attached correspondence from that matter.

Ally Financial can address this matter by registering its consumer arbitration clause on the AAA's Consumer Clause Registry. The registration of consumer clauses is required by R-12 of the Consumer Arbitration Rules. The online Registry portal can be accessed at www.adr.org/consumerclauseregistry.

AAA Consumer ADR Team

1

**EXHIBIT B 19**



AMERICAN
ARBITRATION
ASSOCIATION  |  INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

April 30, 2016

Craig Thor Kimmel, Esq.
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002-4514
**Via Email to: <u>kimmel@creditlaw.com</u>**


Jason E. Manning, Esq.
Troutman Sanders, LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
**Via Email to: <u>jason.manning@troutmansanders.com</u>**

Case Number: 01-16-0000-7089

Joe Falsone
v.
Ally Financial Inc.


Dear Parties:

As of this date we have not received the required fees from the business in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any payment submitted by a party will be refunded shortly.

Further, because the business' failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving Ally Financial Inc. The AAA's consumer policies can be found on the AAA's website, www.adr.org. **We request that Ally Financial Inc. remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.**

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email <u>ConsumerFiling@adr.org</u>.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org


**EXHIBIT B 20**

Fax: (877)304-8457

**EXHIBIT B 21**



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

April 5, 2016

Jason E. Manning, Esq.
Troutman Sanders, LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
Via Email to: jason.manning@troutmansanders.com

**Case Number: 01-16-0000-7089**

Joe Falsone
-Vs-
Ally Financial Inc.

Dear Jason E. Manning:

We have not received the administrative fees and arbitrator compensation from respondent as requested in our previous correspondence. Respondent is requested to remit payment in the amount of **$3400 to the AAA to be received by April 19, 2016**. As the claimant has met the filing requirements, respondent's fee is due regardless of whether the case settles or is withdrawn.

If payment was already sent, please send an email with the payment details so that payment is properly allocated. If this non-payment is simply an oversight on respondent's behalf, we trust payment will be made without delay.

**Please note:  should the business not comply with our request by the above response date, we may decline to administer any other consumer disputes involving this business and request that the business remove the AAA name from its arbitration clause so that there is no confusion to the public regarding our decision. Furthermore, pursuant to the R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.**

At this time we are inquiring as to whether the consumer is willing to pay this outstanding amount, minus the expedited review fee of $250, and seek recovery of these fees through the arbitrator's award. Claimant is not obligated to pay respondent's fee. Should claimant decide to advance the business' portion of the fee, please email me before the business' response deadline.

If we do not timely receive the business' portion of the filing fees, we will notify the parties that we have administratively closed this case and refund any payment received from claimant. Payment may be made by credit card, check or money order. To pay by credit card, please return the attached authorization to us. Please make checks/money orders payable to the American Arbitration Association. Checks should be mailed directly to the address above. Please reference the case number to ensure your payment is properly applied.

Thank you for your attention to this matter. If for any reason respondent will not be able to comply with our request by the noted response date, please send an email requesting an extension prior to the deadline. Please **email** consumerfiling@adr.org if you have any questions.

**EXHIBIT B 22**

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org
Fax: (877)304-8457

Cc:  Craig Thor Kimmel, Esq.
     Kimmel & Silverman, PC
     30 East Butler Pike
     Ambler, PA 19002-4514
     Via Email to: kimmel@creditlaw.com

**EXHIBIT B 23**

| CaseId | Claimant | Respondent | CaseOwner | CaseStatus | StatusReason | Status Group | Status Date |
|---|---|---|---|---|---|---|---|
| 011600007089 | Joe Falsone | Ally Financial, Inc. | consumerfiling | Deleted | Business Fees Not Paid (DNA) | Closed | 4/30/2016 |
| 011600016817 | Michelle Adame | Ally Financial, Inc. | consumerfiling | Under Review | null | Intake | 5/11/2016 |

**EXHIBIT B 24**

| | |
|---|---|
| **From:** | Cathe Stewart |
| **Sent:** | Thursday, May 12, 2016 12:11 AM |
| **To:** | Tara Parvey; ConsumerReview |
| **Subject:** | RE: April Clark V. Ally Financial, Inc. - Case 01-16-0001-5288 |

Thanks, Tara.

I did notice that difference in closing reason on the spreadsheet listing.

I will get back in touch with Alex and let her know.

cathe

**From:** Tara Parvey
**Sent:** Wednesday, May 11, 2016 2:56 PM
**To:** Cathe Stewart; ConsumerReview
**Subject:** RE: April Clark V. Ally Financial, Inc. - Case 01-16-0001-5288

Hi,

The case that they got DNA'd on is 01-16-0000-7089.

They failed to pay. They might have been DNA'd twice. The way to find the DNA case is one that has "Business Fees Not Paid (DNA)" as the closing reason. The "Business on DNA" cases are cases we declined due to the past non-compliance.

**Tara Parvey**
**Director of Intake**

T: 856 679 4602 F: 877 304 8457 E: ParveyT@adr.org
1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043

**From:** Cathe Stewart
**Sent:** Wednesday, May 11, 2016 4:35 PM
**To:** ConsumerReview
**Cc:** Tara Parvey
**Subject:** RE: April Clark V. Ally Financial, Inc. - Case 01-16-0001-5288

Neil,

Thank you for re-sending the below email.

I called Alex but meant to connect with you before I could give her more information. This seems a bit complicated and the AAA does not really have specific answers for her. I have copied Tara since CFS has two more of Ally's cases under review.

**EXHIBIT B 25**

The Business List (BL) shows a listing for Ally Financial Services. They are DNA for "not responding to case initiation/fees". There is no case number, only a date of 7/2/13. The case we declined (see attached) involves Ally Financial, Inc.

Alex expressed concern that we would decline to administer a case and yet not be able to provide the source information for our decision. I told her I would do some research for more information and call her again.

A search in Prism results in nothing "deleted" from 2013 – purged already. There Ally Financial cases that have also been declined administration, in 2015 and 2016, but Alex did not know if they are related entities or not; they are listed on the attached spread sheet. The cases involve Ally Financial and Ally Financial, Inc. (different entities than Ally Financial Services(?) which is the entity named on the BL).

We could point to any one of these as the reason for declining Case 01-16-0001-5288. Do you have any suggestions where to go from here with Alex? I could give her the cases that have been declined, which also match the business in the recently declined case. I know the answer is that they should register and then we can get 01 16 0001 5288 going again via a summarizing letter to the parties. I just don't know what to make of the different names and the fact that I already told her the original offending case was closed in July 2013.

Thanks,
cathe


**Cathe Stewart**
**Director**

T: 559 490 1840 F: 855 433 3046 E: StewartC@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720

**EXHIBIT B 26**

# Request No. 9



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

April 30, 2016

Craig Thor Kimmel, Esq.
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002-4514
**Via Email to: kimmel@creditlaw.com**

Jason E. Manning, Esq.
Troutman Sanders, LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462
**Via Email to: jason.manning@troutmansanders.com**

Case Number: 01-16-0000-7089

Joe Falsone
v.
Ally Financial Inc.

Dear Parties:

As of this date we have not received the required fees from the business in this matter. Accordingly, we must decline to administer this case and have closed our file. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Any payment submitted by a party will be refunded shortly.

Further, because the business' failure to remit the foregoing constitutes a failure to adhere to our policies regarding consumer claims, we may decline to administer future consumer arbitrations involving Ally Financial Inc. The AAA's consumer policies can be found on the AAA's website, www.adr.org. **We request that Ally Financial Inc. remove the AAA name from its consumer arbitration clause so that there is no confusion to the public regarding our decision.**

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

If you have any questions, please email ConsumerFiling@adr.org.

Sincerely,

Consumer Filing Team
Email: ConsumerFiling@adr.org

**EXHIBIT B 28**

Fax: (877)304-8457

**EXHIBIT B 29**



AMERICAN
ARBITRATION
ASSOCIATION®   | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043
Telephone: (856) 435-6401

January 11, 2016

John Hendrickson, Esq.
Hendrickson Law Group, PC
829 Sonoma Avenue, Suite 8
Santa Rosa, CA 95404
Via Email to: john@hendricksonlegal.com

Ally Financial Inc.
PO Box 8100
Hunt Valley, MD 21030
Via Mail

Case Number: 01-15-0005-7769

Sharon Bell
-vs-
Ally Financial Inc.


Dear Parties:

Claimant has requested to amend her demand for arbitration as against Ally Financial, Inc.

We must, at this time, decline to administer this claim and any other claims between Ally Financial Inc. and its
consumers because the business failed to comply with the AAA's policies regarding consumer claims. These
policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the
Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed
to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from
the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer
arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration
agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party.
According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration,
either party may choose to submit its dispute to the appropriate court for resolution.

Please email ConsumerFiling@adr.org if you have any questions.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

**EXHIBIT B 30**



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

February 10, 2016

M. Brandon Walker, Esq.
Walker McMullan
242 West Valley Avenue
Suite 312
Birmingham, AL 35209
**Via Email to: brandon@walkermcmullan.com**

CT Corporation System
Regional Acceptance Corporation
Ally Financial
2 North Jackson Street
Suite 605
Montgomery, AL 36104
**Via Mail**

Case Number: 01-16-0000-1777

Austin and Claudine Ferrell
v.
Ally Financial

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. **According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.**

Please email ConsumerFiling@adr.org if you have any questions.

Sincerely,

Consumer Filing Team

**EXHIBIT B 31**

ConsumerFiling@adr.org
Fax: (877) 304-8457

**EXHIBIT B 32**



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

May 5, 2016

Shaughn C. Hill, Esq.
Morgan & Morgan, PA
201 North Franklin Street
7th Floor
Tampa, FL 33602
**Via Email to: SHill@ForThePeople.com**

Alexandra N. Krasovec, Esq.
Dorsey & Whitney, LLP
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**Via Email to: krasovec.alexandra@dorsey.com**

Case Number: 01-16-0001-5288

April Clark
v.
Ally Financial, Inc.

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial, Inc. .and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a complete case file. Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email ConsumerFiling@adr.org if you have any questions.

**EXHIBIT B 33**

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

cc:     Eric J. Troutman, Esq.

**EXHIBIT B 34**



AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

April 20, 2016

Kasra Sadr, Esq.
The Sadr Law Firm
1455 Frazee Road
Suite 500
San Diego, CA 92108
**Via Email to: k.sadr@carlawfirm.com**

Elizabeth L. Kolar, Esq.
Kolar & Associates
12241 Newport Avenue
Santa Ana, CA 92705
**Via Email to: elizabeth@kolarandassociates.com**

CT Corporation System
Ally Financial, Inc.
818 West 7th Street
Los Angeles, CA 90017
**Via Mail**

Case Number: 01-16-0001-3060

Johanna Funes
v.
Van Nuys Fiat
and
Ally Financial, Inc.,
and Does 1 through 30, inclusive

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial, Inc., and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion t

Accordingly, we have administratively closed our file. According to R-1(d) of the Consumer Arbitration Rules,

**EXHIBIT B 35**

should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system.  Such electronic documents may not constitute a complete case file.  Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email ConsumerFiling@adr.org if you have any questions.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

cc:    Narissa Nelson

**EXHIBIT B 36**



AMERICAN | INTERNATIONAL CENTRE
ARBITRATION | FOR DISPUTE RESOLUTION
ASSOCIATION·

1101 Laurel Oak Road, Suite 100
Voorhees, NJ 08043

May 16, 2016

E. David Hoskins, Esq.
The Law Offices of E. David Hoskins, LLC
16 East Lombard Street
Suite 400
Baltimore, MD 21202
**Via Email to: davidhoskins@hoskinslaw.com**

National Motors, Inc.
4129 East Joppa Road
Baltimore, MD 21236
**Via Mail**

Ally Financial, Inc.
PO Box 8141
Cockeysville, MD 21030
**Via Mail**

Case Number: 01-16-0001-6478

Olufisayo O. Adepegba and Christiana O. Oludoja
v.
National Motors, Inc.
and
Ally Financial Services

Dear Parties:

Claimant has filed with us a demand for arbitration. We note that the arbitration clause provides for arbitration by the American Arbitration Association ("AAA").

We must, at this time, decline to administer this claim and any other claims between Ally Financial Services and its consumers because the business failed to comply with the AAA's policies regarding consumer claims. These policies can be found on our web site, www.adr.org, in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules.

On a previously-filed consumer matter, this business did not timely submit its share of the filing fees and/or failed to waive a provision in its consumer contract that the AAA identified as a material and substantial deviation from the Protocol. The AAA sent correspondence informing the business that it may decline to administer consumer arbitrations involving this business and requested that the business remove the AAA from its consumer arbitration agreements so that there would be no confusion to the public.

Accordingly, we have administratively closed our file and will refund any payment received by the filing party. According to R-1(d) of the Consumer Arbitration Rules, should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.

Pursuant to the AAA's current policy, in the normal course of our administration, the AAA may maintain certain electronic case documents in our electronic records system. Such electronic documents may not constitute a

**EXHIBIT B 37**

complete case file.  Other than certain types of electronic case documents that the AAA maintains indefinitely, electronic case documents will be destroyed 18 months after the date of this letter.

Please email ConsumerFiling@adr.org if you have any questions.

Sincerely,

Consumer Filing Team
ConsumerFiling@adr.org
Fax: (877) 304-8457

cc:     Steven B. Isbister, Esq.

**EXHIBIT B 38**