UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-01654-SVW-KS | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Michelle Adame v. Ally Financial, Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS [17]

Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for August 28, 2017 at 1:30 p.m. is VACATED and OFF CALENDAR. The Court DENIES Defendant's Motion to Compel Arbitration.

I.  INTRODUCTION

The plaintiff, Michelle Adame ("Plaintiff"), contends that Ally Financial ("Ally") committed numerous violations of the Telephone Consumer Protection Act ("TCPA") over the past several years by calling her cell phone without an ATDS or prerecorded voice message without her consent. Plaintiff contends the calls continued even following requests not to receive future calls. Compl., ¶¶ 7-18 (Dkt No. 1). The calls were likely for debt collection purposes as they concerned an automobile loan Plaintiff entered into with Acura 101 West, a loan that was apparently assigned to Ally for servicing. The loan agreement continued an arbitration clause.

Plaintiff initially filed a demand to arbitrate with the American Arbitration Association ("AAA") on May 9, 2016. On May 13, 2016, AAA declined to administer the arbitration against Ally. Plaintiff's Opposition to Motion to Compel Arbitration, Dkt. 22, Exhibit B-07. Plaintiff then filed suit in this Court on March 1, 2017. Dkt. 1. Ally has asked the Court to compel Plaintiff's claims into arbitration. Ally's Motion to Compel Arbitration, Dkt. 17. Having read and considered the papers presented by the parties,

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01654-SVW-KS | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Michelle Adame v. Ally Financial, Inc.* | | |

the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for August 28, 2017 at 1:30 p.m. is VACATED and OFF CALENDAR.

## II.     DISCUSSION

### A. Federal Law Allows Parties to Specify the Rules for Arbitration by Contract.

The Court recognizes that the Federal Arbitration Act is a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Supreme Court has said on numerous occasions that "the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (*quoting Volt Info. Scis., Inc. v. Board of Tr.*, 489 U.S. 468, 479 (1989)). Thus, "parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, so too may they specify by contract the rules under which that arbitration will be conducted." *Volt Info Scis.*, 489 U.S. at 479.

The contract at issue specifies the rules that apply to arbitration between Plaintiff and Defendant Ally. The consumer arbitration rules of the AAA govern the dispute at issue. Both parties agree that these rules apply. *See* Defendant's Motion to Compel Arbitration, Dkt. 17 at 11; Plaintiff's Opposition, Dkt. 22 at 10. Rule R-13 of the AAA Rules states, "When the consumer and the business agree to arbitrate under these Rules or other AAA rules [], the parties also agree that the AAA will administer the arbitration." The American Arbitration Association's Consumer Arbitration Rules. accessible at https://www.adr.org/sites/default/files/Consumer%20Rules.pdf. Rule R-1 states that "[w]hen parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement." *Id.*

### B. Plaintiff Has Followed the Rules of the AAA and Those Rules Allow Her to Continue Litigation In This Court.

Plaintiff submitted her claim for arbitration on May 9, 2016. On May 13, 2016, AAA declined

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-01654-SVW-KS | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Michelle Adame v. Ally Financial, Inc.* | | |

the request because "the business failed to comply with AAA's policies regarding consumer claims." Dkt 17-1, Exhibit 2. AAA Rule 1-(d) now permits Plaintiff to litigate this dispute against Ally in this Court. Rule 1-(d) states the following: "Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution." *Id.* Based on AAA's refusal to hear this claim, Plaintiff exercises her right to litigate the dispute under the very rules Defendant asks this Court to follow. Even though she still has the option to refile the dispute with the AAA, the rules of the AAA allow her to file with this Court and continue litigation in this Court accordingly.

This case is similar to *Martinez v. Master Protection Corp.*, 118 Cal.App.4th 107, 121-122 (2004), where the court did not require the plaintiff to arbitrate the dispute before AAA. Even though the parties in *Martinez* agreed that the AAA was the correct forum, the AAA refused to participate. Thus, the appeals court held that "the trial court erred in denying Martinez's motion to restore the matter to the active civil litigation calendar after AAA refused to conduct the arbitration." *Id.* The same situation exists here.

**III. Conclusion**

Plaintiff has properly elected to litigate her claims before this Court pursuant to the rules of the American Arbitration Association. These are the very rules Defendant asks this Court to enforce today. The Court DENIES Defendant's Motion to Compel Arbitration on these grounds alone and does not need to reach any of Plaintiff's other arguments opposing the motion.

:

Initials of Preparer

PMC